

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Miguel Perches–Escamilla raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Patricio Carlos NELSON–TAITT, also known as Cecil Lowe, also known as Patrick Nelson, Defendant–Appellant.**

No. 05–50411.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided July 13, 2006.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Anthony Benjamin Cantrell, Law Offices of Anthony B. Cantrell, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Patricio Carlos Nelson–Taitt raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wilmer Jeovanny SIERRA–SUAZO, also known as Wilmer Geovany Sierra–Suazo, also known as Wilmer Geovany Suazo, also known as Wilmer Sier-**

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ra, also known as **Juan Carlos Mejia**, also known as **Juan Mejia**, also known as **Juan Carlos Aguilar–Barahona**, also known as **Juan Aguilar Barahona**, also known as **Juan Carlos Aguilar Barahona**, Defendant–Appellant.

No. 05–51214.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 13, 2006.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Wilmer Jeovanny Sierra–Suazo raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America**, Plaintiff–Appellee,

v.

**Nigel CHANDLER**, Defendant–Appellant.

No. 05–10993.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 13, 2006.

Susan B. Cowger, Daniel D. Guess, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Jerry V. Beard, Assistant Federal Public Defender, Federal Public Defender's Office, Northern District of Texas, Lubbock, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Nigel Chandler raises arguments

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.